

FILED
CLERK, U.S. DISTRICT COURT
JAN 13 2010
CENTRAL DISTRICT OF CALIFORNIA
BY             DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MICHAEL A. WASHINGTON,<br><br>            Petitioner,<br><br>    v.<br><br>TOMMY FELKER, Warden,<br><br>            Respondent. | No. EDCV 07-1556-R (RCF)<br><br>MEMORANDUM AND ORDER<br>RE FURTHER PROCEEDINGS |

    Petitioner filed a Petition for Writ of Habeas Corpus on November 29, 2007. Respondent filed an Answer on May 9, 2008. Respondent asserts that Petitioner failed to exhaust claim two of the Petition, and any attempt by Petitioner now to exhaust the claim via state habeas corpus proceedings would be procedurally barred.[1] Petitioner filed a Traverse on June 10, 2008, but did not address the exhaustion argument. This Order determines the exhaustion issue and explains Petitioner's options regarding further proceedings.

### Discussion

    In claim two, Petitioner argues the prosecutor exercised peremptory challenges in a racially discriminatory manner in violation of Batson v. Kentucky, 476 U.S. 79 (1986). This claim was raised on direct appeal by Petitioner's codefendant, Eddie Lewis, and Petitioner joined in Lewis's argument. [Lodgment 6 at 17-23; Lodgment 7 at 37.] The California Court of

---

[1] Respondent concedes Petitioner has exhausted claims one and three.

Appeal affirmed the convictions on April 25, 2006. [Lodgment 11.]

Petitioner filed a petition for review in which he presented claim one of the instant Petition and again joined in his codefendant's arguments, essentially relying on codefendant Lewis to assert the claim of Batson error. [Lodgment 12.] However, Lewis did not file a petition for review.[2] Accordingly, Petitioner's Batson claim never was presented to the California Supreme Court for review.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); see Duncan v. Henry, 513 U.S. 364, 365 (1995)(per curiam). "Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). The rule of comity seeks to avoid "the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." Id. at 845.

State remedies have not been exhausted unless and until the petitioner's federal claims have been fairly presented to the state's highest court. Castille v. Peoples, 489 U.S. 346, 351 (1989). A claim has not been fairly presented unless the petitioner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. Duncan, 513 U.S. at 365.

The California Supreme Court has not had the opportunity to consider Petitioner's claim of Batson error. Thus, ground two is unexhausted and the Petition is a mixed petition which

---

[2] The electronic docketing system for the California courts indicates that a single petition for review was filed under the caption People v. Lewis, case no. S143770. The petition was filed by attorney Athena Shudde on May 30, 2006. See http://appellatecases.courtinfo.ca.gov (docket entry for case no. S143770). Lodgment 12, a copy of Petitioner's petition for review, was filed by Athena Shudde on behalf of Petitioner on May 30, 2006, with the caption People v. Lewis.

may not proceed in its current state. See Rose v. Lundy, 455 U.S. 509, 522 (1982).[3]

### Petitioner's Options

Petitioner has the following options:

1. Petitioner may dismiss his federal Petition outright, present the unexhausted claim to the California Supreme Court, and then file a new Petition in federal court containing only exhausted claims. If Petitioner selects this option, he must file and serve a document entitled "Request for Voluntary Dismissal" within thirty (30) days of the date of this Order. Petitioner is cautioned that a decision to permit dismissal of the Petition may contribute toward a statute of limitations bar. See 28 U.S.C. § 2244(d); Duncan v. Walker, 533 U.S. 167 (2001).

(2) Petitioner may choose to withdraw the unexhausted claim from his Petition, and ask the Court to decide the remaining exhausted claims (i.e., claims one and three). If Petitioner selects this option, he must file and serve a "Notice of Withdrawal of Unexhausted Claim" within thirty (30) days of the date of this Order. The Court will then rule on the remaining exhausted claims, which have been briefed fully. By choosing this option, Petitioner may waive the right to present the unexhausted claim to any federal court, even if he subsequently does exhaust the claim by presenting it to the California Supreme Court. See 28 U.S.C. § 2244(b).

(3) In order to protect his right to later pursue his presently unexhausted claim in federal court, and perhaps to avoid having a later petition dismissed as time-barred, Petitioner may withdraw the unexhausted claim, and simultaneously file a motion asking the Court to stay his Petition to allow him time to pursue his state remedies as to his unexhausted claim. If Petitioner chooses this option, he must file and serve a document entitled "Request for Dismissal of Unexhausted Claim," and a motion entitled "Motion For Stay Of Petition Pending Exhaustion of State Remedies As To Unexhausted Claim" within thirty (30) days of this Order. The motion for stay must set forth facts establishing good cause for Petitioner's failure to exhaust the unexhausted claim before filing the current federal Petition. A stay may not be

---

[3] The Court will consider Respondent's procedural default argument at a later stage in the proceedings.

3

granted if the unexhausted claim lacks potential merit or if it appears Petitioner engaged in intentionally dilatory litigation tactics. See Rhines v. Weber, 544 US. 269, 278 (2005).

Petitioner is cautioned that failure to respond to this Order may result in the dismissal of his Petition.

DATED: January 13, 2010

RITA COYNE FEDERMAN
UNITED STATES MAGISTRATE JUDGE